ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Jun-13 13:14:52
60CV-17-2937
C06D09 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

MIESHA COLLIER                                                    PLAINTIFF

VS.                              NO. _____

KENTON BUCKNER, Individually, and
In His Official Capacity as CHIEF OF
POLICE OF THE CITY OF LITTLE ROCK

                                                                 DEFENDANTS

### COMPLAINT

COMES the Plaintiff, by and through counsel, and for this Complaint, she states:

### PARTIES AND JURISDICTION

1.      Plaintiff is a resident and citizen of the State of Arkansas, who formerly worked

as a police officer for the City of Little Rock, a municipal corporation organized and existing

under the laws of the State of Arkansas.  Kenton Buckner is the duly appointed and acting Chief

of Police of the City of Little Rock, Arkansas, who is sued in his individual and official capacities,

who terminated the Plaintiff with the advice and consent of the Mayor and the City Council.

Defendants each are a policymaker in matters such as those encompassed within this

Complaint. All actions taken by the Defendant, and its officers, employees, and Commission

Members, were taken under color of state law.  This is an action to redress deprivation of

Plaintiff's state constitutional rights to Due Process, free speech, life, liberty, and the pursuit of

happiness granted to her by the Arkansas Constitution under the Arkansas Civil Rights Act of

1993.   Plaintiff also brings claims for gender and race discrimination, as allowed by 42 USC

1983 and Title VII. The City is a public entity, who employed more than 300 people in 2015 and

2016.   Since the acts giving rise to this matter arose within this Court's county, venue is proper.

This Court has personal subject matter jurisdiction.   All actions were taken under color of law

and according to the policy of the City of Little Rock.   Plaintiff timely filed the Charge of



1

Discrimination attached as Exhibit "A," and now timely files this action within 90 days of receiving her right to sue letter.

## GENERAL ALLEGATIONS OF FACT

2.      Plaintiff started working for the Little Rock police department in 2015.

3.      Plaintiff was a black female police officer, who was terminated in October of 2016.

4.      Plaintiff was untruthful, but other male officers or female officers have been untruthful yet they have not been terminated.

5.      Jeffrey Frasier, a white male, was untruthful.

6.      Scott Detmer, a white male, was untruthful.

7.      Christopher Phillips, a white male, was untruthful.

8.      Frasier, Detmer, and Phillips were all allowed to stay at the Department.

## COUNT I

9.      Plaintiff re-alleges the foregoing as if fully set out herein.

10.     Plaintiff has been denied Due Process in violation of the Arkansas Constitution and United States Constitution.

10.     Plaintiff was terminated because she is a black female and filed a Complaint against Chief Thomas in violation of the Equal Protection Clause to the United States Constitution, in violation of Title VII, Section 105, Section 107, and Section 108 of the Arkansas Civil Rights Act of 1993.

11.     Plaintiff was terminated under circumstances similarly situated white males were not. One example is David Hudson. Twenty-eight citizen complaints and other allegations of misconduct have been lodged against the David Hudson involved in a much-publicized incident outside of Ferneau restaurant since he was hired in 1978, according to internal LRPD files.

12. Hudson has been suspended four times during his career: Ten days in Sept. 1983 for unspecified misconduct and two days in May 1986, five days in Dec. 1987 and one day in April 1991 for car accidents.

13. There are also about 15 complaints lodged against Hudson. Of those 15, five are citizen complaints of physical abuse or excessive force. After internal investigations, Hudson was exonerated from two complaints, meaning the investigation found that he behaved lawfully and "within the scope of his authority." Another was deemed "unfounded," meaning investigators determined the alleged incident did not occur. Other investigations include:

*May 1996: a complainant claims that $11,629 worth of property went missing the execution of a search warrant. Outcome of the Internal Affairs investigation: not sustained

*July 1996: a complainant claims that $2,400 worth of jewelry went missing following the execution of a search and seizure warrant. Outcome: not sustained.

*Oct. 1996: a complainant claimed that a $100 bill was missing from his wallet following execution of a search and seizure warrant. Outcome: A ruling of "misconduct not based on original complaint - inappropriate handling of money" with the complainant reimbursed $100.

*Feb. 2007: a complainant claims officers used excessive force while searching his vehicle and took $1,000. Outcome: Exonerated.

*Oct. 2009, a complainant claims he was "thrown to the ground and spit on by Lt. Hudson." Outcome: Complaint withdrawn.

But these investigations were not undertaken with the same scrutiny as Plaintiff's investigations.

14. On two complaints, Hudson received letters of reprimand but wasn't suspended. A Nov. 24, 2006, complaint is described as: "Internal investigation authorized by Chief Thomas pursuant to allegations of failure to supervise." A June 1, 2007, complaint is described as: "Lost or stole property Glock Model 22 .40 caliber pistol SN GFD640/ Su Fire Tactical Light and Glock paddle holster."

15. Hudson, a male, has never complained of sex discrimination or harassment.

16. Defendants have discriminated against the Plaintiff on the basis of her gender and race in violation of the ACRA.

3

17.     Defendants, all policymakers, terminated Plaintiff because they were not trained or because of a City policy or Custom.

18.     As a direct and proximate cause of Defendant's retaliation and discrimination, Plaintiff has suffered severe mental and emotional distress, loss of reputation, lost wages, incurred unnecessary taxes, and incurred other damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for appropriate compensatory damages exceeding seventy-five thousand dollars, punitive damages against all parties under State law and the individuals under Federal law,  for reinstatement for a trial by jury, for an injunction requiring the City to modify its policy, for a reasonable attorney's fee, for costs, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P. O. Box 2012
Benton, Arkansas  72015
(501) 315-1910 FAX 501-315-1916
Attorneys for the Plaintiff

/s/Luther Oneal Sutter
Luther Oneal Sutter  ABA 95031
Luthersutter.law@gmail.com

4

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Jun-13 13:14:52
60CV-17-2897
C06D09 : 1 Page

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2017-00778 |

and EEOC

| | | |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Miesha Collier** | **(501) 541-2027** | **1991** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3904 Katherine St, Little Rock, AR 72204** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CITY OF LITTLE ROCK,  POLICE DEPARTMENT** | **500 or More** | **(501) 371-4507** |

| Street Address | City, State and ZIP Code |
|---|---|
| **700 W Markham St,  Little Rock, AR 72204** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-13-2016**   Latest **10-13-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on June 29, 2015.  I was discharged on October 13, 2016.

The letter of termination indicated I was discharged for violation of General Order 302 Section V.I.A, rules and regulations section 1/3009.00, and rules and regulations section 1/8003.00.

I believe I was discharged because of my race, African American, and sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Mar 08, 2017          _Miesha S. Collier_<br>Date                        Charging Party Signature<br>Ex A | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>RECEIVED MAR 0 8 2017 |